UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENT McCONAGHY, *et al.*  CIVIL ACTION

VERSUS  NO. 17-3116

BP EXPLORATION & PRODUCTION, INC., *et al.*  SECTION M (5)

## **ORDER & REASONS**

Before the Court is a motion by defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") for summary judgment.[1] The motion was set for submission on September 22, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was September 14, 2022. Plaintiffs Kent McConaghy, Kara McConaghy, Kohl McConaghy, and a minor child (collectively, "Plaintiffs"), who are represented by counsel, did not file an opposition. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 38. Defendants Halliburton Energy Services, Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH join in the motion. R. Doc. 38-1 at 1 n.1.

[2] R. Doc. 38-3.

[3] This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010. Plaintiffs filed this suit in 2017, alleging that toxic exposures from the oil spill, oil-spill response, or cleanup caused them to experience burning and itching eyes, headaches, and increased severity and frequency of multiple sclerosis symptoms. R. Doc. 38-1 at 3. Plaintifs' case, which was originally part of the multidistrict litigation ("MDL") arising out of the Deepwater Horizon incident and known as a "B3" case, was severed from the MDL and reallotted to this section of court. R. Doc. 7. On March 4, 2022, this Court entered a scheduling order that set August 22, 2022, as Plaintiffs' expert disclosure deadline. R. Doc. 33 at 3. To date, Plaintiffs have not designated any experts. R. Docs. 38-1 at 1; 38-2 at 2-3. A B3 plaintiff must prove that exposure to oil, a chemical, or other substance legally caused his or her physical condition. Generally, "'when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.'" *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)). Expert testimony is required to establish causation in toxic-tort cases where "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden'" of proof. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). Because they did not timely

IT IS ORDERED that BP's motion for summary judgment (R. Doc. 38) is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of September, 2022.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE

---

designate any experts, Plaintiffs cannot present the expert testimony required to prove their claim. Thus, BP is entitled to summary judgment in its favor.